**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA*
*CollectivePlaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADAN MARTINEZ,<br>*on behalf of himself, FLSA Collective Plaintiffs,*<br>*and the Class,*<br>          Plaintiff,<br>     v.<br>SIEMBRA L.L.C.,<br>   d/b/a ENZO'S PIZZERIA<br>and ROBERTO COLLADO,<br>               Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT**<br><br>Jury Trial Demanded |

     Plaintiff, ADAN MARTINEZ (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants SIEMBRA L.L.C. d/b/a ENZO'S PIZZERIA ("Corporate Defendant"), and ROBERTO COLLADO ("Individual Defendant") (each individually, "Defendant" or, collectively, "Defendants") and states as follows:

<u>**INTRODUCTION**</u>

     1.     Plaintiff ADAN MARTINEZ alleges, pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime wages, (2) unpaid wages due to time shaving, (3) liquidated damages, and (4) attorney's fees and costs.

     2.     Plaintiff MARTINEZ further alleges that, pursuant to New York Labor Law

1

("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages for failure to pay the prevailing minimum wage, (2) unpaid overtime wages, (3) unpaid wages due to time shaving, (4) unpaid spread of hours premium, (5) statutory penalties, (6) liquidated damages, and (7) attorney's fees and costs.

3.      Plaintiff alleges on behalf of himself, and others similarly situated that Defendants willfully filed fraudulent information returns regarding Plaintiff, FLSA Collective Plaintiffs and Class members with the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7434.

4.      Plaintiff further alleges on behalf of himself, and others similarly situated, that Defendants breached their contract with Plaintiff, FLSA Collective Plaintiffs and Class members by failing to pay employer payroll taxes for Plaintiff, FLSA Collective Plaintiffs and Class members, as required by Federal Insurance Contribution Act ("FICA").

5.      Plaintiff also alleges that, in retaining these sums for themselves, Defendants unjustly enriched themselves at the expense of Plaintiff, FLSA Collective Plaintiffs and Class members.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

8.      Plaintiff, ADAN MARTINEZ, is a resident of Queens County, New York.

9.      Defendants collectively own and operate the Italian restaurant SIEMBRA L.L.C. d/b/a ENZO'S PIZZERIA (the "Restaurant") located at 81-02 Rockaway Blvd. Ozone

Park, NY 11416. The Restaurant is operated under the control of the Individual Defendant.

10.      Corporate Defendant, SIEMBRA L.L.C. d/b/a ENZO'S PIZZERIA, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 81-02 Rockaway Blvd. Ozone Park, NY 11416.

11.      Individual Defendant ROBERTO COLLADO is the principal and owner of the Corporate Defendant. ROBERTO COLLADO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class.  ROBERTO COLLADO frequently visits the Restaurant. ROBERTO COLLADO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant could complain to ROBERTO COLLADO directly regarding any of the terms of their employment, and  ROBERTO COLLADO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ROBERTO COLLADO exercised functional control over the business and financial operations of all Corporate Defendants. ROBERTO COLLADO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

12.      At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

13.      At all relevant times, the work performed by Plaintiff, FLSA Collective

Plaintiffs,and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff brings claims for relief as a collective actionpursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt front-of-house and back-of-house employees (including but not limited to food preparers, delivery persons, servers, cashiers, porters, cooks, line-cooks, pizza makers, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

15.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs for all their worked hours due to time shaving, including their proper overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt front-of-house and back-of- house employees (including but not limited to food preparers, delivery persons, servers, cashiers, porters, cooks, line-cooks, pizza makers, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that numberare presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay the prevailing minimum wage, (ii) failing to pay overtime premium, (iii) failing to pay wages due to time-shaving, (iv) failing to pay spread of hours premium, (v) failing to provide proper wage statements per requirements of the NYLL, and

(vi) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of the NYLL.

21.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff, and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

22.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.  Whether Defendants employed Plaintiff and the Class within the meaning of New York law and applicable state laws;

b.  What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d.  Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

e.  Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members the prevailing minimum wage as required by NYLL;

f.  Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members proper overtime wages;

g.  Whether Defendants paid the spread of hours premium owed to employees working more than ten (10) hours per day as required by the NYLL;

h.  Whether Defendants properly compensated Plaintiff and Class  members for all hours worked;

i.  Whether Defendants provided proper wage statements informing employeesof information required to be provided on wage statements as required under NYLL and applicable state laws; and

j.  Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL and applicable state laws.

## STATEMENT OF FACTS

26.     In or around March 2020, Plaintiff was hired by Defendants to work simultaneously as a food preparer/pasta preparer for Defendants' restaurant SIEMBRA L.L.C. d/b/a ENZO'S PIZZERIA located at 81-02 Rockaway  Blvd.,Ozone Park, NY 11416. Plaintiff was

employed by Defendants until in or around March 2021.

27.        Since the beginning of his employment, Plaintiff worked six (6) days per week, from 10:00 a.m. to 10:00 p.m. for a total of seventy-two (72) hours per workweek. During Plaintiff's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours.

28.        During his employment with Defendants, Plaintiff was always paid thirteen dollars ($13) per hour in cash for all hours worked on a weekly basis. Plaintiff was not a tipped employee. At all times Plaintiff's pay rate was below the prevailing minimum wage in New York City. Class members were paid similar hourly rates, which were also below the prevailing New York City minimum wage.

29.         Throughout his employment with Defendants, Plaintiff was compensated at a straight time hourly rate regardless of the number of hours worked in any given week, including his overtime hours. Defendants avoided paying Plaintiff overtime premiums of one-and-half times his regular rate of pay for his hours worked in excess of forty (40) hours per week, as required under FLSA and NYLL. Similarly, FLSA Collective Plaintiffs and Class members were not paid overtime premium when they worked overtime hours.

30.        Defendants failed to pay Plaintiff for all his hours worked. Defendants had a policy of automatically deducting one (1) hour each workday for a meal break. However, Plaintiff rarely took a full hour break, as he was routinely required to work though his meal break at least four times per week. Due to this time shaving practice, Plaintiff did not receive his proper compensation, including overtime. Similarly, Defendants automatically deducted FLSA Collective Plaintiffs and Class members one (1) hour each workday for a meal break that they too did not take.

31.     Moreover, Defendants had a policy of requesting Plaintiff to continue working after his shift ended. On a regular basis, Plaintiff was required to work for at least one (1) hour past his shift without receiving his proper compensation, including overtime. Similarly, FLSA Collective Plaintiffs and Class members were not properly compensated for off-the-clock work.

32.     During his employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, he never received any spread of hours premium for working such shifts, as required under the NYLL. Similarly, Class members regularly worked shifts exceeding ten (10) hours in duration and were never paid spread of hours premium.

33.     From the start of his employment until his termination, Plaintiff was always paid weekly in cash, without a paystub. These cash amounts that Plaintiff received from Defendants did not account for all of his hours worked. Similarly, FLSA Collective Plaintiffs and Class members were paid on a weekly basis in cash without receiving any pay stubs.

34.     As a result of Defendants' policy to compensate Plaintiff, FLSA Collective Plaintiffs and Class in cash, Defendants failed to provide Plaintiff, FLSA Collective Plaintiffs and Class members with accurate IRS Forms W-2 for all the tax years of their employment and failed to properly record, account for, and report to the IRS all monies paid to Plaintiff, FLSA Collective Plaintiffs and Class members. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in violation of 26 U.S.C. § 7434. Under 26 U.S.C. § 7434(b), Defendants are liable for at least $5000 to Plaintiff, FLSA Collective Plaintiffs, and Class members for each fraudulent filing, which would have to be at least once a year.

35.     In violating the Internal Revenue Code by failing to provide proper W-2 forms, Defendants also breached their contract with Plaintiff, FLSA Collective Plaintiffs and Class members to pay the employer's share of Social Security and Medicare taxes for each employee.

36.     Defendants also unjustly enriched themselves at the expense of Plaintiff, FLSA Collective Plaintiffs and Class members by retaining monies that should have been remitted to the IRS on behalf of Plaintiff, FLSA Collective Plaintiffs and Class members.

37.     As a result, Plaintiff, FLSA Collective Plaintiffs and Class members will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement, suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

38.     The employer's share of Social Security taxes is 6.2%. The employer's share of Medicare taxes is 1.45%. Accordingly, Defendants must compensate Plaintiff, FLSA Collective Plaintiffs and Class members 7.65% of all their earnings from Defendants beginning six (6) years prior to the filing of this Complaint.

39.     Defendants are liable to Plaintiff, FLSA Collective Plaintiffs and Class members for failing to pay FICA taxes for the wages earned by Plaintiff, FLSA Collective Plaintiffs and Class members.

40.     Defendants never provided Plaintiff with a proper wage statement in violation of NYLL. Similarly, FLSA Collective Plaintiffs and Class members were not provided with proper wage statements as required by NYLL.

41.     At no time during the relevant periods did Defendants provide Plaintiffs or Class members with proper wages notices, at the beginning of employment and annually thereafter as required by NYLL.

42.     Defendants knowingly and willfully operated their business with a policy of compensating employees, including Plaintiff and Class members, with wages below the prevailing minimum wage in violation of NYLL.

43.     Defendants knowingly and willfully operated their business with a policy of not

paying the proper overtime rate thereof for all hours worked to Plaintiff, FLSA Collective Plaintiffs, and Class members in violation of FLSA and NYLL.

44.     Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class members regular and overtime wages for all hours worked due to Defendants' time shaving practices.

45.     Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium to Plaintiff and Class members, in violation of NYLL.

46.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

47.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

48.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members.

**STATEMENT OF CLAIM**
**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT**

49.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows:

50.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51.     At all relevant times, Defendants employed Plaintiff and FLSA Collective

12

Plaintiffs within the meaning of the FLSA.

52.     At all relevant times, Corporate Defendants had  gross annual revenues in excess of $500,000.

53.     At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

54.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

55.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

56.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

57.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

58.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime, plus an equal amount as liquidated damages.

59.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF NEW YORK LABOR LAW**

60.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows:

61.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

62.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and Class members the NYC minimum wage.

63.     Defendants failed to pay Plaintiff and Class members an hourly minimum wage rate in the lawful amount for all their hours worked, due to a policy of time shaving.

64.     Defendants willfully violated the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

65.     Defendants failed to properly notify employees of their proper overtime rate, in direct violation of the NYLL.

66.     Defendants willfully violated the rights of Plaintiff and Class members by practicing a policy of time-shaving, in violation of the NYLL.

67.     Plaintiffs and Class members regularly worked shifts that exceeded ten (10) hours per day. Defendants willfully violated Plaintiff' and Class members' rights by failing to pay spread of hours premium to Plaintiff and Class members for each shift that exceeded  ten (10) hours.

68.     Defendants knowingly and willfully operated their business with a policy of not

14

providing Plaintiff and Class members a proper wage notice, at date of hiring and annually thereafter, as required under the NYLL.

69.     Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under the NYLL.

70.     Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, unpaid overtime, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

**COUNT III**
**CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS**
**UNDER 26 U.S.C. § 7434(a)**

**(Brought individually and on behalf of FLSA Collective Plaintiffs and the Class)**

71.     Plaintiff realleges all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

72.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

73.     By failing to provide Plaintiff, FLSA Collective Plaintiffs and Class members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff, FLSA Collective Plaintiffs, and the Class as wages, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

74.     Defendants knew they had a legal duty not to misrepresent to the IRS the amount of money they were paying employees. Defendants' actions were willful violations of, or showed reckless disregard for, the provisions of the Internal Revenue Code.

75.     Pursuant to 26 U.S.C. § 7434(b)(3), Defendants are also liable to Plaintiff, FLSA Collective Plaintiffs, and the Class for reasonable attorney's fees.

**COUNT IV**
**BREACH OF CONTRACT**
**(Brought individually and on behalf of FLSA Collective Plaintiffs and the Class)**

76.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows:

77.     "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … [T]he duties of good faith and fair dealing … encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included [in the contract]." *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500-501, 746 N.Y.S.2d 131, 135-136, 2002 N.Y. LEXIS 1579, *10-11 (2002).

78.     When Plaintiff, FLSA Collectivce Plaintiffs and Class members accepted offers of employment from Defendants, the parties entered a contract, and the covenant of good faith and fair dealing implicit therein required Defendants to pay Plaintiff, FLSA Collective Plaintiffs and Class members in accordance with all applicable laws. This involved, *inter alia*, a duty to abide by the Internal Revenue Code and pay all required FICA taxes.

79.     Defendants breached this duty when they decided to pay Plaintiff, FLSA Collective Plaintiffs and Class members by in cash without witholdings or deductions and not file proper W-2. As a result, Plaintiff and Class members lost part of the benefit of the bargain for which they contracted, suffering a loss in the amount of the FICA taxes that Defendants should have paid on their behalf, but did not.

## COUNT V
## UNJUST ENRICHMENT
**(Brought individually and on behalf of FLSA Collective Plaintiffs and the Class)**

80.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows:

81.     To state a claim for unjust enrichment, a plaintiff must allege that: "(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered." *Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516, 973 NE2d 743, 950 NYS2d 333 (2012) (internal quotations omitted).

82.     Defendants were unjustly enriched when they kept for themselves money that should have been paid to the Internal Revenue Service as Defendants' employer FICA contribution. Such came at the expense of Plaintiff, FLSA Collective Plaintiffs and Class members because they will either (1) be liable to the IRS for the employer's share, or (2) upon retirement, suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

83.     Accordingly, all sums that Defendants should have paid to the IRS should be disgorged from Defendants and transferred to Plaintiff, FLSA Collective Plaintiffs and Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

      a.     A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b.  A declaratory judgment that the practices complained of herein are unlawful under 26 U.S.C. § 7434 and that Defendants breached their contract with, and/or unjustly enriched themselves at the expense of, Plaintiff and Class members;

c.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.  An award of unpaid minimum wages due under NYLL;

e.  An award of unpaid overtime compensation due under FLSA and NYLL;

f.  An award of unpaid spread of hours premium due under NYLL;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and spread of hours premium pursuant to NYLL;

i.  An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees andstatutory penalties;

j.  An award of $5,000 in statutory damages to Plaintiff and each Class member under 26 U.S.C. § 7434;

k.  Contractual damages for Defendants' failure to keep their promise to abide by the Internal Revenue Code and fund Plaintiff's and Class members' retirement through FICA contributions;

l.   Disgorgement from Defendants of all illegally retained sums that should have gone into FICA contributions;

m.   Designation of Plaintiff MARTINEZ as Representatives of FLSA Collective Plaintiffs;

n.   Designation of this action as a class action pursuant to F.R.C.P. 23;

o.   Designation of Plaintiff MARTINEZ as Representative of the Class; and

p.   Such other and further relief as this Court deems just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: June 16, 2022
       New York, New York

Respectfully submitted,

By:   /s/ *CK Lee*

C.K. Lee, Esq.
**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*